Merrill Schneider, OSB #77336
merrillschneider@schneiderlaw.com
Schneider Kerr Law Offices
P.O. Box 14490
Portland, Oregon 97293
Phone: 503-255-9092
Fax: 503-255-9145

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| EDWARD LEE TESTER, | Civil Case: 3:12-CV-01313-HU |
|    Plaintiff, | |
| vs. | PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S FINDINGS & RECOMMENDATIONS |
| CAROLYN W. COLVIN, Commissioner of the Social Security Administration, | |
|    Defendant. | |

Plaintiff submits the following objections to Magistrate Judge Dennis James Hubel's Findings and Recommendation. In rejecting plaintiff's claim and affirming the ALJ's decision below, the Magistrate found that "a limitation to 'simple, 1-2 step work' is consistent with DOT Reasoning Level 2." Magistrate's Findings & Recommendations ("F&R)"), at p. 14. For the following reasons, and for those presented in plaintiff's Opening Brief and Reply Brief, plaintiff respectfully maintains that the Magistrate is incorrect and requests that this court reverse the decision of the Administrative Law Judge and remand for further proceedings.

Preliminarily, in rejecting plaintiff's assertion that there is a "'groundswell of agreement among district courts in this circuit'" that Reasoning Level Two work is incompatible with a "1-2 step" RFC limitation, the Magistrate states that plaintiff "cites eight cases from the Central District of California, decided during 2010, 2011, and 2012." F&R, at pp. 14, 11.

PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S
FINDINGS & RECOMMENDATIONS

Page 1

Plaintiff cited several cases from the Western District of Washington in the Reply Brief all agreeing that a "1 to 2 step" limitation is compatible only with occupations with Leven One Reasoning.[1]  Reply Brief, at pp. 2-3.  Moreover, as with cases preceding, decisions decided since plaintiff filed the Reply Brief on May 13, 2013, Dkt. #14, have unequivocally held that "an express restriction in the RFC to simple one- and two-step instructions conflicts with jobs requiring Level Two Reasoning."  *Chase v. Colvin*, 06:12-cv-01857-HZ, at 10 (D. Or., October 9, 2013); *see Bailey ex rel. Pace v. Colvin*, 3:12-CV-01092-BR, at 12 (D. Or. July 19, 2013) (following courts that "have concluded limiting a claimant to simple, routine, *one- and two-step tasks* is not consistent with the ability to perform jobs with Reasoning Level Two"); *see also Allen-Howard v. Astrue*, 3:11-CV-01116 RE (D. Or. October 3, 2012) (representative occupations requiring more than Reasoning Level One "may require something more than 'one to two step tasks'" and conflict under the DOT); *Whitlock v. Astrue* , 3:10-cv-357-AC, at 8 (D. Or. August 23, 2011) ("[A] limit to 'simple one to two step commands' is not consistent with reasoning level two because it is a nearly verbatim recital of the DOT definition for reasoning level one.").

The Magistrate's Findings and Recommendation principally looks to the decision in *Meissl v. Barnhart*, 403 F. Supp. 2d 981 (C.D. Cal. 2005), in rejection of plaintiff's position that the use of "1 to 2 step" in the definition of Reasoning Level One under the DOT demonstrates that an RFC limitation using the same language permits only Reasoning Level One work.  F&R, at 13; Opening Brief, at 7-8.  The plaintiff in *Meissl* claimed Reasoning Level Two demands exceeded   a "simple, repetitive" tasks RFC limitation because Reasoning Level Two by definition involved "detailed" instructions and, in turn, required a compatible RFC to allow for

---

[1] The parenthetical case information following *Skeens v. Astrue* and *Healey v. Astrue* on pages four and five of the Reply Brief should read "the claimant" instead of "Ms. Pace."

PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S
FINDINGS & RECOMMENDATIONS

"detailed instructions." *Meissl*, 403 F. Supp. 2d at 983.  The court was "not convinced that such a neat, one-to-one parallel exists between the two," finding the plaintiff's approach out of step "with the finely calibrated nature in which the DOT measures a job's simplicity." *Id*. at 984.

The *Meissle* decision is distinguishable and fails to support the Commissioner or the Magistrate's determination.  In *Meissl*, no definition for any Reasoning Level included the precise "simple, repetitive" language in the RFC, whereas, here, the Reasoning Level One definition uniquely echoes the language of plaintiff's RFC, resulting in a correlation too conspicuous to be overlooked.  The court's "blunderbuss" remark in *Meissl* stemmed from the plaintiff's attempt to manipulate the operation of the Reasoning Level regimen in the DOT by foreclosing any work that was "detailed" in the face of the "simple, repetitive" RFC.  On the other hand, plaintiff reasonably maintains that the specific and discrete "1 to 2 step" language reflected in an RFC and the definition of Reasoning Level One necessarily permits only Reasoning Level One work.

The Magistrate was further persuaded by the *Meissl* court's observation that "the DOT description of Reasoning Level Two contains a 'qualifier' indicating job tasks are not only 'detailed,' they also are 'uninvolved,'" which the court found consistent with "'simple tasks performed at a routine pace.'"  F&R, at 13 (quoting *Meissl*, 403 F. Supp. 2d at 984-85). The Magistrate continued:  "Judge Hernandez of this court reached a conclusion similar to the *Meissl* court's in *Patton v. Astrue,* 2013 WL 705909 (D. Or. Feb. 25, 2013), also finding the 'but uninvolved' modifier 'must be considered when interpreting the definition of Level Two reasoning.'"  F&R, at 13 (quoting *Patton v. Astrue,* 2013 WL 705909, at *1).  However, the Magistrate overlooked the Judge Hernandez's recent decision in *Chase v. Colvin*, mentioned

above, which directly supports plaintiff's position here while expressly excepting the application

of the decision in *Patton*.

 In *Chase*, the plaintiff argued, like here:  "[B]ecause the identified occupations all have a

'reasoning development level' of two, they are inconsistent with the '1-to-2 step instructions'

limitation."  .  After observing Level One Reasoning by definition includes the ability to

"'[a]pply commonsense understanding to carry out simple one- or two-step instructions'" while

Level Two Reasoning involves applying "'detailed but uninvolved written or oral instructions,'"

Judge Hernandez stated that, in *Patton*:

> "I explained that when the entire Level Two Reasoning definition is considered, it
> is clear that although the instructions may be detailed, they may still be simple
> such as those for a task which requires a number of steps, none of which are
> complex.  Several other decisions have reached the same conclusion."

*Chase*, 06:12-cv-01857-HZ, at 7 (citation omitted).

 Judge Hernandez continued:

> "As Judge Mosman noted in a 2011 case, however, a limitation to 'simple
> 1-to-2 step instructions' is distinct from the more general limitations to 'simple'
> and 'routine' tasks.  Thus, cases holding that a limitation to 'simple' and 'routine'
> tasks is consistent with Level Two Reasoning are not applicable to cases where
> the RFC contains the more specific 'one- or two-step' limitation.
>
> "I agree with the decisions . . . which hold that an express restriction in the
> RFC to simple one- and two-step instructions conflicts with jobs requiring Level
> Two Reasoning."

*Id*. at 8 (quoting  Whitlock v. Astrue, No. 03:10-cv-00357-AC, 2011 WL 3793347, at *5 (D. Or.

Aug. 24, 2011)).

 As Judge Hernandez demonstrated, the reasoning in *Meissl* is inapplicable here.  And

plaintiff submits that his disposition of the 1 to 2 step issue is correct.  Thus, plaintiff respectfully

submits that the Magistrate's Findings and Recommendation were wrongly decided.  The

PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S
FINDINGS & RECOMMENDATIONS

Page 4

vocational expert ("VE") in the hearing below did not identify any conflict between the VE's testimony and the DOT, and the error was not harmless. Accordingly, the ALJ's decision should be reversed and remanded.

## CONCLUSION

For the reasons stated here and in plaintiff's Opening Brief and Reply Brief, plaintiff respectfully submits that the Magistrate reached the wrong conclusion. The ALJ's decision to deny plaintiff's claim was not supported by substantial evidence. Plaintiff respectfully requests that this court reverse the ALJ's decision and remand for further proceedings.

Submitted this 10th day of Decembery, 2013.

/s/Merrill Schneider
MERRILL SCHNEIDER OSB #77336
(503) 255-9092
Attorney for Plaintiff Edward Lee Tester

PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S
FINDINGS & RECOMMENDATIONS

Page 5

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Objections to Magistrate's Findings and Recommendation was filed with the Clerk of the Court on December 10, 2013, using the CM/ECF system which will send notification of such filing to the following:  Adrian L. Brown, and Leisa A. Wolf.

/s/ Merrill Schneider
Attorney for Plaintiff Edward Lee Tester

PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S
FINDINGS & RECOMMENDATIONS

Page 6